UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          **Case No.**
SHAUN BONAPARTE,

                           Plaintiff,          **<u>COMPLAINT</u>**

       - against -

ACACIA NETWORK HOUSING, INC. and          **PLAINTIFF DEMANDS**
ACACIA NETWORK, INC.,          **A TRIAL BY JURY**

                       Defendants.
-------------------------------------------------------------------X

       SHAUN BONAPARTE ("Plaintiff or "BONAPARTE"), by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against ACACIA NETWORK HOUSING, INC. and ACACIA NETWORK, INC. (collectively, "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

<u>**NATURE OF THE CASE**</u>

1.    This is a civil action based upon Defendants' violations of Plaintiff's rights guaranteed to him by: (i) the sex and sexual orientation discrimination provisions of **<u>Title VII of the Civil Rights Act of 1964,</u>** as amended ("Title VII"); (ii) the sex and sexual orientation discrimination provisions of the **<u>New York State Human Rights Law</u>**, New York State Executive Law, §§ 292 and 296 *et seq.* ("NYSHRL"); (iii) the sex and sexual orientation discrimination provisions of the **<u>New York City Human Rights Law</u>**, New York City Administrative Code § 8-107(1) *et seq.* ("NYCHRL") and (iv) any other claim(s) that may be inferred from the facts set forth herein.

2.    As set forth below, Plaintiff seeks damages to redress the injuries he has suffered as a result of being **<u>discriminated and retaliated against</u>** by Defendants solely due to his **<u>sex</u>**

**and sexual orientation**.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action

arises under 42 U.S.C. § 2000(e) *et seq*.

4.      The Court has supplemental jurisdiction over all state and city law claims pursuant to 28

U.S.C. §1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of

the actions or omissions giving rise to the claims for relief occurred within this judicial

district.

## PROCEDURAL PREREQUISITES

6.      Plaintiff timely filed a Charge of Discrimination upon with this Complaint is based with

the Equal Employment Opportunity Commission ("EEOC").

7.      Plaintiff received a Notice of Right to Sue from the EEOC, dated October 11, 2022 with

respect to the charges of discrimination described herein. A copy of the Notice is annexed

hereto as Exhibit "A".

8.      Plaintiff commenced this action within ninety (90) days of receipt of the Notice of Right

to Sue.

## PARTIES

9.      At all relevant times herein, Bonaparte was and is a resident of the State of New York

and openly identifies as a gay male.  As such, Bonaparte is a "person" and an "employee"

entitled to protection by the relevant statutes referenced herein.

10.     At all relevant times herein, Defendant Acacia Network Housing, Inc. is a nonprofit and

charitable organization organized under the laws of the State of New York with a

principal place of business located in the State of New York, located at 300 East 175th

Street, Bronx, New York 10457.

11.    At all relevant times herein, Defendant Acacia Network, Inc. is a nonprofit and charitable

organization organized under the laws of the State of New York with a principal place of

business located in the State of New York, located at 300 East 175th Street, Bronx, New

York 10457.

12.    At all relevant times herein, each Defendant employed in excess of fifteen (15)

employees and is therefore an employer covered by the statutes referenced herein.

## MATERIAL FACTS

A.   BONAPARTE, AN OPENLY GAY MALE, IS DISCRIMINATED AGAINST ON THE
BASIS OF HIS SEXUAL ORIENTATION AND GENDER BY DEFENDANTS, WHO
HABITUALLY CONDONE DISCRIMINATION BY AND AGAINST ITS STAFF.

13.    On or about July 1, 2020, Defendants hired Bonaparte as a security guard at Robert's

Court Shelter, located at 1068 Franklin Avenue, Bronx, New York 10456.

14.    As a security guard, Bonaparte was responsible for maintaining the safety of the residents

and staff at the Robert's Court Shelter.

15.    At all relevant times herein, Bonaparte earned approximately seventeen dollars ($17) per

hour for Defendants.

16.    Throughout Bonaparte's employment with Defendants, his performance met or exceeded

Defendants' expectations.

17.    Throughout his employment with Defendants, Bonaparte was vocal that he was an openly

gay male.

18.    However, Defendants, through the misconduct of its staff, pursued a campaign of

discrimination and retaliatory conduct against Bonaparte solely due to his gender and

sexual orientation as an openly gay male.

19.    Significantly, prior to Bonaparte's employment with Defendants, Defendants were

required by the City of New York to implement various anti-discrimination and training policies in order to thwart discrimination on the basis of gender and sexual orientation, which Defendants unconscionably violated as against Bonaparte throughout the tenure of his employment for Defendants.

20.     In particular, as indicated in reports regarding a legal settlement between Defendants and a former resident of Defendants' shelters, Steven Bonaficio, in-depth "competency training" and policies regarding anti-discrimination on the basis of gender and sexual orientation were required as of 2019.

21.     Nevertheless, since the commencement of Bonaparte's employment with Defendants, Defendants utterly failed to implement or follow any anti-discrimination policies and trainings as may have been deemed necessary by the City of New York, by federal, state and local laws, and otherwise required.

22.     As a direct result of Defendants' failure to monitor or in any way remedy – let alone, attempt to remedy – discrimination that Defendants knew was occurring at Defendants' places of business since the commencement of Bonaparte's employment with Defendants, including its homeless shelters, a campaign of discrimination against Bonaparte on the basis of his gender and sexual orientation persisted against him by Defendants' staff and residents.

23.     Specifically, beginning in September 2021, Bonaparte was routinely harassed by a resident of Robert's Court Shelter, Kourtney Kennedy ("Kennedy").

24.     Kennedy accosted Bonaparte for being an openly gay male.

25.     Kennedy made numerous threatening statements to Bonaparte in September and October 2021 that he "did not like gay people", self-identified as "homophobic", and did not want to be in Bonaparte's physical presence because of his sexual orientation.

26.     Kennedy exclaimed to Bonaparte, on various occasions in September and 2021 October 2021, in the presence of Defendants' coworkers, including but not limited to, that Bonaparte was a "faggot".

27.     On October 15, 2021, further, Kennedy threatened to assault Bonaparte when he exited the facility for lunch or "went home for the day".

   B.  BONAPARTE'S VARIOUS COMPLAINTS OF DISCRIMINATION ON THE BASIS OF HIS SEXUAL ORIENTATION AND GENDER WERE CONTINUALLY IGNORED BY DEFENDANTS.

28.     Based on the Kennedy's threats to attack Bonaparte because he was an openly gay male, in addition to various insulting homophobic comments to Bonaparte by Kennedy, Bonaparte subsequently reported aforesaid discrimination to his supervisor, Milagros Caceres on October 15, 2021 and October 17, 2021.

29.     Milagros Caceres ("Caceres") at all relevant times was a program director on behalf of Defendants with the authority to hire and fire employees and initiate managerial decisions on behalf of Defendants.

30.     Caceres also possessed authority to transfer Bonaparte to a facility managed by Defendants where Bonaparte could avoid Kennedy – who had threatened to assault Bonaparte on various occasions because Bonaparte was an openly gay male.

31.     Prior to Bonaparte's complaints of discrimination on October 15th and October 17th, Caceres, along with other supervisors and employees of Defendants, were already aware Kennedy's campaign of discrimination against Bonaparte on the basis of his sexual orientation and gender.

32.     In fact, Kennedy had a well-documented history of discriminating against shelter residents and employees on the basis of their gender and sexual orientation which is formally documented in a CARES database managed and reviewed by Defendants' staff,

including but not limited to, Caceres.

33.    In Bonaparte's conversation with Caceres regarding discrimination by Kennedy against him on October 15th, Caceres promised Bonaparte a "safety transfer" to another facility.

34.    However, Bonaparte's transfer to a "safety" facility was never effectuated by Caceres.

35.    Thereafter, Defendants failed to take any action whatsoever to remedy the hostile and dangerous work environment to which Bonaparte was subjected solely because he was an openly gay male.

36.    On October 17, 2021, Bonaparte reported the discrimination against him by Kennedy a second time to Caceres at which point, thereafter, Caceres and other members of Defendants' staff failed to take any affirmative steps to remedy the hostile work environment to which Bonaparte was subjected or otherwise respond to his second complaint of discrimination.

37.    On October 18, 2021, Bonaparte was forced to resign because of Defendants' inaction in addition to fears for his safety and medical conditions he suffered solely because he was targeted by Defendants' residents and staff for being openly gay male.

38.    Under such circumstances, any reasonable person like Plaintiff, would have felt compelled to resign. Consequently, Plaintiff's resignation amounts to a constructive discharge.

39.    Furthermore, neither human resources nor management for Defendants undertake any investigation of Kennedy's misconduct or the hostile work environment to which Bonaparte was subjected, let alone reach out to Bonaparte regarding the discriminatory conduct against him.

40.    Rather than investigate Kennedy or Bonaparte's complaint or attempt to remedy the hostile work environment to which Bonaparte suffered, Defendants continued to

discriminate and retaliate against Bonaparte throughout the term of his employment with Defendants.

41.     Defendants and its staff, particularly management, each collectively and individually, condoned, ratified, and supported the discriminatory work environment to which Bonaparte was subjected.

42.     As a result of the Defendants' actions, Bonaparte was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

43.     As a result of the acts and conduct complained of herein, Bonaparte has suffered a loss of income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

44.     As a result of the acts and conduct complained of herein, Bonaparte has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Bonaparte has further experienced severe emotional and physical distress.

45.     Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Bonaparte demands Punitive Damages as against Defendants.

### FIRST CAUSE OF ACTION

### FOR DISCRIMINATION UNDER TITLE VII

46.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47.     42 U.S.C. § 2000e-2(a)(1), states in part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

48.   As described herein, Defendants discriminated against Plaintiff on the basis of his sex and sexual orientation, in violation of Title VII, by subjecting him to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on his sexual orientation and status as an openly gay male.

49.   As a result of the unlawful discriminatory conduct of Defendants in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

50.   The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### SECOND CAUSE OF ACTION

### FOR RETALITION UNDER TITLE VII

51.   Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.   42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

53.  As described herein, Plaintiff engaged in protected activities, including but not limited to, making internal complaints regarding discrimination.

54.  As described herein, after Plaintiff engaged in activity protected by Title VII, Defendants took adverse actions against Plaintiff which would cause a reasonable employee from making or supporting a similar complaint of discrimination.

55.  As a result of Defendants' retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

56.  Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION

## FOR DISCRIMINATION UNDER THE NYSHRL

57.  Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.  Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to

9

discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

59.   As described herein, Defendants discriminated against Plaintiff on the basis of his sex and sexual orientation in violation of NYSHRL, by subjecting him to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's sexual orientation and gender.

60.   As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

61.   As a result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

62.   Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### FOURTH CAUSE OF ACTION

### FOR RETALIATION UNDER THE NYSHRL

63.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64.   Executive Law § 296 provides that:

"[i]t shall be an unlawful discriminatory practice for any person engaged in any

activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

65. As described herein, Plaintiff engaged in protected activities, including but not limited to, making internal complaints regarding discrimination against Plaintiff based on sexual orientation.

66. As described herein, after Plaintiff engaged in activity protected by the NYSHRL, Defendants took adverse employment actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

67. As a result of Defendants' retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

68. Defendants' unlawful retaliatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## FIFTH CAUSE OF ACTION

## FOR DISCRIMINATION UNDER THE NYCHRL

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. The Administrative Code of City of NY § 8-107 [1] provides that,

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender,

> disability, marital status, sexual orientation or alienage or
> citizenship status of any person, to refuse to hire or employ or to
> bar or to discharge from employment such person or to
> discriminate against such person in compensation or in terms,
> conditions or privileges of employment.

71.   Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory

working conditions, and otherwise discriminating against Plaintiff because of his gender

and sexual orientation.

72.   As a result of Defendants' unlawful discriminatory conduct in violation of NYCHRL,

Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional

distress, including, but not limited to, depression, humiliation, embarrassment, stress and

anxiety, and emotional pain and suffering, for which he is entitled to an award of

monetary damages and other relief.

73.   Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton

violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive

damages.

**SIXTH CAUSE OF ACTION**

**FOR RETALIATION UNDER THE NYCHRL**

74.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

75.   The New York City Administrative Code §8-107(7) provides that it shall be unlawful

discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate

against any person because such person has opposed any practices forbidden under this

chapter. . ."

76.   As described herein, Plaintiff engaged in protected activities, including but not limited to,

12

making internal complaints regarding discrimination against Plaintiff based on sexual orientation.

77.   As a result of Defendants' retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

78.   Defendants' unlawful retaliatory actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## PUNITIVE DAMAGES

79.   Plaintiff is entitled to the maximum amount allowed under this statute/law.

80.   Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

81.   As such, punitive damages are appropriate as a result of Defendant's above-described conduct and Plaintiff demands Punitive Damages as against Defendant.

## JURY DEMAND

82.   Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL and the NYCHRL, in that Defendants discriminated against Plaintiff

on the basis of his status as a transgender openly gay male;

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injuries to his reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.      Awarding pre-judgment and post-judgment interest, as provided by law; and

G.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.


Dated: Garden City, New York
       November 4, 2022

                                                **PHILLIPS & ASSOCIATES,**
                                                **ATTORNEYS AT LAW, PLLC**

                                                By: ____/s/_____
                                                Joshua M. Friedman, Esq.
                                                *Attorneys for Plaintiff*
                                                585 Stewart Avenue, Suite 410
                                                Garden City, NY 11530
                                                T: (516) 365-3731
                                                F: (212) 901-2107
                                                jfriedman@tpglaws.com